UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ARLESTER AVERY, | No. 2:14-cv-1568 DAD P |
| Plaintiff, | |
| v. | ORDER |
| GOVERNOR JERRY BROWN et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed herein, the court will dismiss this action for failure to state a cognizable claim.[1]

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 5)

1  U.S.C. § 1915A(b)(1) & (2).

2      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8  Cir. 1989); Franklin, 745 F.2d at 1227.

9      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13  However, in order to survive dismissal for failure to state a claim a complaint must contain more

14  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

15  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

16  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20      The Civil Rights Act under which this action was filed provides as follows:

21      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
22      deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
23      law, suit in equity, or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

27  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

28  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1  omits to perform an act which he is legally required to do that causes the deprivation of which
2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
4  their employees under a theory of respondeat superior and, therefore, when a named defendant
5  holds a supervisorial position, the causal link between him and the claimed constitutional
6  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
7  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
8  concerning the involvement of official personnel in civil rights violations are not sufficient. See
9  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

In his complaint, plaintiff has identified as defendants Governor Jerry Brown and all of the subordinates that work for him. Plaintiff alleges that he is legally entitled to earn good-time/work-time credits even though he is housed at a county detention facility instead of a state prison. In terms of relief, plaintiff would like his release date adjusted to reflect two days of good-time/work-time credit for each one day of confinement he has served disciplinary free. (Compl. at 2-4.)

### DISCUSSION

The court will dismiss this action because plaintiff's complaint fails to state a cognizable claim for relief. As an initial matter, plaintiff has no constitutional right to be incarcerated at the correctional facility of his choice. See Meachum v. Fano, 427 U.S. 215, 225 (1976). Moreover, plaintiff has no liberty interest in the opportunity to earn good-time credits and therefore cannot state a cognizable due process claim based on his inability to earn good-time credits at a county detention facility. See Sandin v. Conner, 515 U.S. 472, 287 (1995); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996) (county jail inmate failed to state a claim based on denial of opportunity to earn good time credits because jail officials had refused to transfer him to a state prison); see also Cochran v. Diaz, No. 1:13-cv-00551 AWI GSA HC, 2013 WL 3991991 at *2 (E.D. Cal. Aug. 2, 2013) ("Although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time

credit."); Burton v. Adams, No. 1:09-cv-00354 JLT HC, 2010 WL 703182 at * 10 (E.D. Cal. Feb. 25, 2010) ("Following Sandin, a number of Circuit Courts have held that there is no liberty interest, and therefore no due process protection, in the mere opportunity to earn good time credits."). Accordingly, plaintiff's complaint fails to state a claim and will be dismissed.

In light of the nature of his allegations and the claim he is attempting to state, the undersigned concludes that it is clear plaintiff cannot cure the deficiencies of his complaint, and therefore, dismissal of this civil rights action without leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is denied;

2. Plaintiff's complaint is dismissed for failure to state a cognizable claim for relief; and

3. This action is closed.

Dated: March 27, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
aver1568.56